ROBERT L. BLAND, Judge,
concurring.
The claimant in this case is a machine shorthand reporter and maintains an office in the court house at Clarksburg, in Harrison county, West Virginia. She is a lady of superior intelligence and accomplishments. In addition to being an assistant reporter of said court of Harrison county, she is also official reporter of the circuit court of Preston county in this state and does freelance work for West Virginia corporations. For about four years she has been employed as reporter for the public service commission of West Virginia at Clarksburg, West Virginia. On account of the inability of her attorney of record to be present on the day her claim was fixed on the trial calendar of the court of claims for hearing and investigation, she personally took charge of the case and conducted it thenceforward, examining in chief her own witnesses and cross examining all witnesses introduced by the state in opposition to her claim with such skill and ability as would reflect credit upon the most experienced trial lawyer. By her own testimony she displayed a remarkable understanding of the gravity of the burden that rested upon her to establish a case that would justify the Legislature in making an appropriation of public funds in satisfaction of her claim. The transcript of evidence embraces one hundred and seventy-six pages. But unfortunately for claimant, in the judgment of two out of three members of the court, in all that vast record nothing can be found that would create a moral obligation of the state to pay the claim.
The court of claims has repeatedly held that “Under the act creating the court of claims negligence on the part of the state agency involved must be fully shown before an award will be made.” The last declaration of this principle is contained in point one of the syllabi in the claim of Farm Bureau Mutual Insurance Company, et al, v. Adjutant General’s Department, Case No. 669, in which Judge Cann prepared a very strong opinion, denying an award in these words:
*105 “We find the state and its agent free from any negligence and therefore hold that negligence on the part of the state agency involved, or its agents, must be fully shown before an award will be made. This has not been done and the claim is denied.”
In part two of the syllabi of the same case Judge Cann further declares this rule, based on the authority of Sigmon v. Mundy, 125 W. Va. 591:
“The mere fact that an automobile skids on the road is not evidence of negligence.”
In case No. 675, Birtie Watts v. State Road Commission, (reported elsewhere in this volume) this court announced this rule:
“A claimant seeking an award in the court of claims by way of compensation for personal injuries sustained on account of alleged defective condition of a state-controlled highway must, in order to be entitled to such an award, establish facts and circumstances from which it appears that an appropriation of the public revenues should be made by the Legislature.”
In case No. 637, Fleta Corder v. State Road Commission (reported elsewhere in this volume) this court declared in the syllabus of its opinion as follows:
“The right of a person to use the highways of the state is subject and subordinate to the right of the state to exercise and discharge its governmental functions; and the state does not guarantee freedom from accident of persons using such highways.”
I think that the court of claims of West Virginia can well afford to adopt and follow for its guidance the rule laid down by the court of claims of Michigan:
“Sitting as the Court of Claims without a jury the Court is the judge of the facts and must apply the law to the facts as found, and of the weight of testimony and the credibility of the witnesses.” See Reports of Michigan Court of Claims for the biennium ending December 3, 1942.